# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**969**

**KA 15-00309**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

CLAYTON L. BROWN, DEFENDANT-APPELLANT.

---

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (BRIAN D. DENNIS OF COUNSEL), FOR RESPONDENT.

--------------------------------------------------------------------------------

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered May 14, 2014. The judgment convicted defendant, upon his plea of guilty, of attempted robbery in the first degree, criminal possession of a weapon in the third degree and aggravated unlicensed operation of a motor vehicle in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence imposed on count three of the indictment and imposing a definite sentence of 180 days of imprisonment on that count, to run concurrently with the sentences imposed on counts one and two, and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [3]), criminal possession of a weapon in the third degree (§ 265.02 [1]) and aggravated unlicensed operation of a motor vehicle in the second degree (Vehicle and Traffic Law § 511 [2] [a] [ii]). As the People correctly concede, the sentence imposed on count three of the indictment, i.e., a one-year definite term of imprisonment for aggravated unlicensed operation of a motor vehicle in the second degree, is illegal (see § 511 [2] [b]). We therefore modify the judgment by vacating the sentence imposed on that count and imposing a definite sentence of 180 days of imprisonment, to run concurrently with the sentences on the remaining counts. We reject defendant's further contention that the sentences imposed on the remaining counts are unduly harsh and severe.

Entered: October 2, 2015                    Frances E. Cafarell
                                            Clerk of the Court